The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan Holmes, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Margaret Morgan Holmes.
 ***********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter pursuant to the North Carolina Workers' Compensation Act.
2. The parties entered into a Mediated Settlement Agreement dated 10 June 1999. Defendant contends that the agreement is void and unenforceable. Plaintiff contends it is enforceable.
3. At the time of the injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. There was an employer-employee relationship between the parties, with defendant being self-insured.
4. On 22 November 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment. Plaintiff is currently receiving weekly temporary total compensation.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff, age forty-nine, began working for defendant as a forklift operator in 1987.
2. Plaintiff suffered the admittedly compensable injury by accident on 22 November 1993 that resulted in an injury to her thoracic spine and necessitated surgery on 5 February 1995 to correct a herniated disc at T6-8.
3. Plaintiff was out of work and was paid compensation by defendant for various periods of time during 1994. She was further out of work following the surgery until she attempted a return to work part-time for defendant as a receptionist in October 1995. Plaintiff worked only a few days before going back out of work. She has not returned to work for defendant since that time and has continued to receive total disability payments from defendant.
4. As a result of the back injury, plaintiff developed chronic pain syndrome. She reached maximum medical improvement with regard to her back injury in February 1996. As a result of the compensable injury, she sustained a 27 percent permanent partial disability rating to her back. She remains physically able to perform sedentary work for three days per week, four hours per day. She is not expected to need much future treatment for her back.
5. Plaintiff began exhibiting symptoms of depression in late 1994. She began treating with Dr. Patricia Grogan, a psychiatrist, in December 1995. She was diagnosed with major depression and treated with medication. Additionally, at the request of her attorney, she was evaluated by Dr. Harold Frazier, a psychiatrist, on 15 August 1998 and 18 July 2000. Dr. Frazier concurred with the diagnosis.
6. Plaintiff has a genetic predisposition to depression. Since the injury, she has suffered several major stressors that may have contributed to her depression, including the February 1994 death of her mother and the August 1995 death of her father. However, both psychiatrists testified, and the Full Commission finds as fact, that the plaintiff's compensable injury to her back and the resulting chronic pain caused or contributed to her depression.
7. Although plaintiff is physically able to return to work part-time in a sedentary capacity, both psychiatrists testified, and the Full Commission finds as fact, that she is unable to perform any work due to her psychological condition.
8. Plaintiff has not reached maximum medical improvement with regard to her psychological condition. Treatment for her depression as recommended by Dr. Frazier, including medication, is reasonably required to affect a cure, give relief and tend to lessen the plaintiff's period of disability.
9. The parties entered into a Mediated Settlement Agreement on 10 June 1999, but the parties did not execute a Compromise Settlement Agreement that was approved by the Industrial Commission.
10. In light of the evidence that plaintiff has been assisting her daughter at the flea market and performing manual labor, defendant did not unreasonably defend the continued payment of total disability compensation in this matter.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's compensable injury of 22 November 1993 caused or contributed to plaintiff's major depression that is rendering plaintiff unable to earn wages in any employment. Plaintiff is thus entitled to continuing benefits for total disability. N.C. Gen. Stat. § 97-29.
2. Plaintiff is entitled to medical compensation necessitated by the 22 November 1993 injury, including continuing treatment for her back and depression. N.C. Gen. Stat. § 97-25.
3. The parties did not enter into a settlement agreement that is enforceable by the Industrial Commission. N.C. Gen. Stat. § 97-82.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall continue to pay total disability compensation to plaintiff, subject to an attorney fee approved hereinafter, until further Order of the Industrial Commission.
2. Defendant shall pay all medical compensation arising from this injury by accident, including any future pain medication for her back recommended by Dr. Frazier or her family physician as approved by Dr. Frazier to the extent necessary, and including any past and future treatment for her psychological condition as recommended by or approved by Dr. Frazier. The parties shall agree on a psychiatrist for plaintiff. If the parties are unable to agree, the parties shall submit a motion to the Industrial Commission and the Commission will appoint a psychiatrist.
3. An attorney fee in the amount of 25 percent is approved for the plaintiff's attorney. Defendant shall make every fourth compensation check due to the plaintiff payable to the plaintiff's attorney.
4. The defendant shall pay the costs.
This 8th day of November 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER